UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK MENKE, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>JAGUAR LAND ROVER NORTHAMERICA, LLC, et al.,<br><br>          Defendants. | Case No.:  20cv1126-W-LL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 23]** |

  Currently before the Court is the Parties' "Joint Motion to Amend Scheduling Order." ECF No. 23. The Parties request that the Court continue all remaining pre-trial deadlines in this case by 120 days. Id. at 2. In support, the Parties state that they have been "diligently working together to coordinate the repair of Plaintiff's vehicle" since the Court's Early Neutral Evaluation on September 14, 2020 and "said repairs were originally set to commence in early November." Id. However, one of the Plaintiffs was out of town through November 16, 2020 traveling, became ill afterwards, and self-quarantined. Id. In light of the above, the Parties state that they are "still working to coordinate" the repair of Plaintiffs' vehicle and expect it to take approximately three weeks once commenced, after which additional time will be necessary to determine if the repairs are to Plaintiffs' satisfaction. Id.

1

Once a Rule 16 scheduling order is issued, the dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 17 at 8 (stating that the Court will not modify the dates and times set forth in the Scheduling Order "except for good cause shown."). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Here, the Court does not find good cause to grant the extension as requested. While the Court appreciates Parties' substantial efforts to informally resolve the case since the Court's Early Neutral Evaluation Conference, discovery in this action has not been stayed. The Parties' Joint Motion does not mention what discovery—if any—the Parties have thus far conducted and what discovery remains. The Court is confident the Parties will be able to engage in efforts to informally resolve this case, while also simultaneously diligently completing discovery, so as not to further delay this case should settlement efforts prove unsuccessful. Finally, the Court is unclear as to why repairs to Plaintiffs' vehicle have not yet commenced. The Court notes during the attorneys-only telephonic status conference held on November 23, 2020 [ECF No. 22], the Parties represented that Plaintiffs' vehicle could be brought to the repair facility by another individual or be towed there. The Court advises the Parties to expedite this process to the extent possible.

Despite the above, the Court does find it appropriate grant a shorter continuance to accommodate Plaintiff's unavailability, illness, and ensuing self-quarantine, and the amount of time necessary for Defendants to complete its repair efforts.

///

///

///

///

For these reasons, Court **GRANTS IN PART** and **DENIES IN PART** the Parties' Joint Motion as follows:

|  | **Current Date** | **New Date** |
|---|---|---|
| Fact Discovery Deadline | January 14, 2021 | March 15, 2021 |
| Expert Designations | February 12, 2021 | April 13, 2021 |
| Supplemental Expert Designations | February 26, 2021 | April 27, 2021 |
| Expert Disclosures | March 26, 2021 | May 25, 2021 |
| Rebuttal Expert Disclosures | April 9, 2021 | June 8, 2021 |
| Expert Discovery | May 10, 2021 | July 9, 2021 |
| Pretrial Motions | June 10, 2021 | August 9, 2021 |
| Mandatory Settlement Conference | September 7, 2021 at 1:30 p.m. | October 26, 2021 at 1:30 p.m. |
| Mandatory Settlement Conference Briefs | August 30, 2021 | October 18, 2021 |
| Pretrial Disclosures | September 13, 2021 | November 8, 2021 |
| Notice of Willingness to Engage in Further Settlement Conference | September 13, 2021 | November 8, 2021 |
| Local Rule 16.1(f)(4) Requirements | September 20, 2021 | November 15, 2021 |
| Proposed Pretrial Order | September 27, 2021 | November 22, 2021 |
| Lodging of Pretrial Order | October 4, 2021 | November 29, 2021 |
| Informal Letter Briefs | October 13, 2021 | December 8, 2021 |
| Pretrial Conference | October 18, 2021 at 10:30 a.m. | December 13, 2021 at 10:30 a.m. |

All other requirements remain as set. <u>See</u> ECF No. 17. **<u>The Parties are advised that no further extensions will be granted absent exceptional circumstances.</u>**

  **IT IS SO ORDERED.**

Dated: December 8, 2020

                _____
                Honorable Linda Lopez
                United States Magistrate Judge